# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff-Respondent, ) <br> ) <br> vs. ) <br> ) <br> CORRIE L. TEAGUE, ) <br> ) <br> Defendant-Movant. ) | Case No. CR-14-100-M <br> (CIV-16-982-M) |

## ORDER

Defendant-Movant Corrie L. Teague ("Teague"), a federal prisoner, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on August 25, 2016. On October 7, 2016, defendant-movant United States of America filed its response. On October 20, 2016, Teague filed his Motion Objecting to the Government's Response to Movant's 28 U.S.C. § 2255.

On April 1, 2014, a federal grand jury returned a one-count indictment charging Teague with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On May 12, 2014, Teague pled guilty to the indictment. On August 27, 2014, Teague was sentenced to 57 months of imprisonment. Teague did not appeal his conviction or sentence.

Teague asserts two grounds in support of his § 2255 motion: (1) *Mathis v. United States*, 136 S. Ct. 2243 (2016), precludes the use of his two prior state convictions for possession of controlled substances with intent to distribute to enhance his base offense level pursuant to United States Sentencing Guidelines § 2K2.1(a)(2), and (2) his counsel was ineffective for failing to raise ground number 1 at sentencing. The government asserts, in part, that Teague's § 2255 motion is untimely because it was filed more than one year from the date his conviction became final and

none of the enumerated exceptions outlined in § 2255 apply. Section 2255 provides, in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). "If the defendant does not file an appeal, the criminal conviction becomes final upon the expiration of the time in which to take a direct criminal appeal." *United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006).

Since Teague did not file a direct criminal appeal in this case, Teague's judgment of conviction became final on September 10, 2014. Therefore, § 2255's one-year statute of limitations expired on September 10, 2015. Teague filed his § 2255 motion almost one year after the one-year statute of limitations expired.

In his motion, Teague asserts that his § 2255 motion is timely under subsection (f)(4). Specifically, Teague asserts:

> (A) Under 28 U.S.C. 2255(f)(4) Movant discovered through the exercise of due diligence by reading Mathis v. U.S., 136 S. Ct. 894 (6-23-16) in its entirety from 6-29-2016 to 7-3-2016 that was sent from a company called Bloomberg BNA Criminal Law Report to the A-1-Unit computers via email at U.S.P. Leavenworth, KS on 6-29-16 that Mathis ruling coincide with Movant's Oklahoma Prior Convictions.

(B) Movant exercised due diligence to acquire his Oklahoma Prior Conviction Statute/Section Title 63 O.S. Section 2-401 et seq. from his family through mail and U.S.P. Leavenworth, KS email inmate system in the month of July, 2016.

(C) By studying 63 O.S. 2-401 et seq. in the months of July & August, 2016 Movant discovered through the exercise of due diligence that his convictions statute/section lists means with elements confirming Movant's Mathis claims.

(D) Movant exercised due diligence to write a letter in July, 2016 to Movant's Federal Public Defender Mr. William Early in case CR-14-100-M seeking legal advise and representation of my Mathis claims.

(E) Movant exercised due diligence by studying a email sent to me showing discovery of other Circuit Courts of Appeals applying the Mathis U.S. Supreme Court recent ruling to other federal defendants state prior drugs convictions as not qualifying for sentencing enhancements under different sections of the United States Sentencing Guidelines before Movant initiated his 28 U.S.C. 2255(f)(4) Motion. Movant have meet the one year statute of limitations to file this motion under the new ruling by the U.S. Supreme Court in Mathis v. U.S., (6-23-16).

Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody at 12.

"Section 2255(f)(4) speaks to discovery of facts supporting a claim, not a failure to appreciate the legal significance of those facts." *United States v. Collins*, 364 F. App'x 496, 498 (10th Cir. 2010) (internal citations omitted). Further,

> [a] change or clarification of controlling law is not a "fact" within the meaning of § 2255(f)(4). *See Barreto-Barreto v. United States*, 551 F.3d 95, 99 n.4 (1st Cit. 2009) ("[T]he discovery of a new legal theory does not constitute a discoverable 'fact' for purposes of § 2255(f)(4)."); *Lo v. Endicott*, 506 F.3d 572, 575 (7th Cir. 2007) (state supreme court's clarification of the law is not a "factual predicate" under 2255(f)(4)); *E.J.R.E. v. United States*, 453 F.3d 1094, 1097-98 (8th Cir. 2006) (a federal court of appeals decision is not a discoverable fact under § 2255(f)(4)); *Shannon v. Newland*, 410 F.3d 1083, 1088-89 (9th Cir. 2005) (state supreme court's decision is not a "fact" entitling application of § 2255(f)(4)); *United*

> States v. Pollard, 161 F.Supp.2d 1, 10 (D.D.C. 2001) (concluding § 2254(f)(4) "is only triggered when a defendant discovers facts, not the legal consequences of those facts"); *United States v. Hines*, 592 Fed.Appx. 755, 756 (10th Cir. 2015) (unpublished) (holding a Supreme Court decision "does not constitute a newly discovered fact under § 2255(f)(4)").

*United States v. Harrison*, No. 16-5167, 2017 WL 710426 at *2 (10th Cir. Feb. 23, 2017).

In light of the above-referenced authority, the Court finds that § 2255(f)(4) does not apply. Specifically, the Court finds that Teague has not discovered "facts" but has merely discovered the legal consequences of *Mathis* and other case law to the already known facts of his case. The Court, therefore, finds that Teague's § 2255 motion is not timely under subsection (f)(4).

Additionally, while it would appear that Teague's timeliness argument would more appropriately fall under § 2255(f)(3), the Court finds that § 2255(f)(3) also does not apply. Specifically, the Court finds that *Mathis* did not announce a new rule and cannot be relied upon to file a § 2255 under subsection (f)(3). *See United States v. Taylor*, No. 16-6223, 2016 WL 7093905 (10th Cir. Dec. 6, 2016) (holding that § 2255 motion not timely under § 2255(f)(3) because *Mathis* did not announce new rule). The Court, therefore, finds that Teague's § 2255 motion is not timely under subsection (f)(3).

Accordingly, the Court finds that Teague's § 2255 motion is time-barred. The Court, therefore, DISMISSES Teague's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.

**IT IS SO ORDERED this 12th day of May, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE